[870 NE2d 1136, 839 NYS2d 706]

MITCHELL BENESOWITZ, Appellant, v METROPOLITAN LIFE INSURANCE COMPANY, Plan Administrator of HONEYWELL LONG TERM DISABILITY INCOME PLAN, et al., Respondents.

Argued May 30, 2007; decided June 27, 2007

**POINTS OF COUNSEL**

*Gisonni & Harms, LLP,* Woodbury (*Eve-Lynn Gisonni, Richard Harms* and *Scott M. Harrigan* of counsel), for appellant. Insurance Law § 3234 (a) (2) should be interpreted to impose only a 12-month waiting period and not as an absolute bar to coverage for disabled individuals who suffer from preexisting conditions and become disabled within the first 12 months of coverage. (*Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577; *Tompkins v Hunter,* 149 NY 117; *Flores v Lower E. Side Serv. Ctr., Inc.,* 4 NY3d 363; *Rust v Reyer,* 91 NY2d 355; *Ferres v City of New Rochelle,* 68 NY2d 446; *Matter of Medical Socy. of State of N.Y. v Serio,* 100 NY2d 854; *Matter of New York Pub. Interest Research Group v New York State Dept. of Ins.,* 66 NY2d 444.)

*Amy K. Posner,* Long Island City, and *Skadden, Arps, Slate, Meagher & Flom LLP,* New York City (*Preeta D. Bansal* and *Sarah E. McCallum* of counsel), for respondent. I. The plain language of Insurance Law § 3234 (a) (2) and its accompanying regulation permits the use of preexisting condition exclusions. (*In re Joint E. & S. Dist. Asbestos Litig.,* 993 F2d 313; *Guaranty Natl. Ins. Co. v Bayside Resort, Inc.,* 635 F Supp 1456; *Gibbs ex rel. Estate of Gibbs v CIGNA Corp.,* 440 F3d 571; *Harvey v Astra Merck Inc. Long Term Disability Plan,* 348 F Supp 2d 536; *McGinnis v Allianz Life Ins. Co. of N. Am.,* 77 F Supp 2d 1297, 228 F3d 417; *Bremer v Hartford Life & Acc. Ins. Co.,* 16 F Supp 2d 1057; *Matter of Breslin v Connors,* 10 AD3d 471; *Matter of Branford House v Michetti,* 81 NY2d 681.) II. Other states that have chosen to regulate preexisting condition provisions in group disability insurance policies permit exclusions like the one at issue here. (*McGinnis v Allianz Life Ins. Co. of N. Am.,* 77 F Supp 2d 1297.) III. The legislative history of Insurance Law § 3234 (a) (2) supports Metropolitan Life Insurance

Company's interpretation. (*Matter of New York Pub. Interest Research Group v New York State Dept. of Ins.*, 66 NY2d 444.) IV. The Superintendent of Insurance's approval of the policy language is evidence of its legality, and his newly-minted interpretation of Insurance Law § 3234 (a) (2) is not entitled to deference. (*Allstate Ins. Co. v Jacobs*, 208 AD2d 578; *Matter of Allstate Ins. Co. v Cipolla*, 226 AD2d 456; *Davis v Liberty Mut. Ins. Co.*, 267 F3d 124; *AMEX Assur. Co. v Caripides*, 179 F Supp 2d 309, 316 F3d 154; *Burke v First UNUM Life Ins. Co.*, 975 F Supp 310; *Hertz Corp. v Corcoran*, 137 Misc 2d 403; *Matter of Union Indem. Ins. Co. of N.Y.*, 92 NY2d 107; *Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451; *Matter of New York Pub. Interest Research Group v New York State Dept. of Ins.*, 66 NY2d 444; *Preferred Mut. Ins. Co. v State of New York*, 196 AD2d 384.)

*Andrew M. Cuomo, Attorney General,* New York City (*Barbara D. Underwood, Benjamin N. Gutman* and *Cecelia Chang* of counsel), for Eric R. Dinallo, amicus curiae. Insurance Law § 3234 (a) (2) requires an insurer to begin paying benefits for a disability caused by a preexising condition once the insured has been covered for 12 months. (*Matter of Medical Socy. of State of N.Y. v Serio,* 100 NY2d 854; *State Farm Mut. Auto. Ins. Co. v Mallela,* 4 NY3d 313; *Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577; *Auer v Robbins,* 519 US 452; *Matter of Consolidated Mut. Ins. Co. [Arcade Cleaning Contrs.—Superintendent of Ins.],* 60 NY2d 1; *Franklin v John Hancock Mut. Life Ins. Co.,* 298 NY 81; *FDA v Brown & Williamson Tobacco Corp.,* 529 US 120; *Heard v Cuomo,* 80 NY2d 684; *People ex rel. Chadbourne v Voorhis,* 236 NY 437; *Gustafson v Alloyd Co.,* 513 US 561.)

*Barnes & Thornburgh LLP,* Grand Rapids, Michigan (*Patrick E. Mears* of counsel), *Carolyn Doppelt Gray,* Washington, D.C., *Teresa L. Jakubowski, Lisa Tate, Michael S. Spector* and *Kathryn Wilber* for American Council of Life Insurers and others, amici curiae. I. Preexisting condition exclusions play a vital role in group disability policies. II. Preexisting condition exclusions that exclude coverage for disabilities arising during the exclusionary period do not violate Insurance Law § 3234 (a) (2). (*Matter of Excellus Health Plan, Inc. v Serio,* 2 NY3d 166; *Riley v County of Broome,* 95 NY2d 455; *Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577; *Tompkins v Hunter,* 149 NY 117; *Robinson v Shell Oil Co.,* 519 US 337; *BFP v Resolution Trust Corporation,* 511 US 531; *Matter of Polan v State of N.Y.*

*Ins. Dept.,* 3 NY3d 54; *Continental Cas. Co. v Equitable Life Assur. Socy. of U. S.,* 52 NY2d 228; *Kaplan v Equitable Life Assur. Socy. of U.S.,* 177 Misc 792, 261 App Div 1067; *Matter of Raritan Dev. Corp. v Silva,* 91 NY2d 98.) III. Interpreting Insurance Law § 3234 as permitting only a waiting period for benefit payments would negatively impact the very insured it was intended to benefit.

*Hinman Straub, P.C.,* Albany (*Fredric L. Bodner, David W. Novak* and *Leanne R. Kontogiannis* of counsel), for Life Insurance Council of New York, Inc., amicus curiae. I. The plain language of Insurance Law § 3234 (a) (2) and past practice demonstrate that a permanent exclusion of coverage for disabilities occurring within the first 12 months of coverage, as a result of a preexisting condition, is intended. (*Maroney v New York Cent. Mut. Fire Ins. Co.,* 5 NY3d 467; *Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451; *Matter of Guido v New York State Teachers' Retirement Sys.,* 94 NY2d 64; *Matter of Gruber [New York City Dept. of Personnel—Sweeney],* 89 NY2d 225; *Matter of Raritan Dev. Corp. v Silva,* 91 NY2d 98; *State Div. of Human Rights v Genesee Hosp.,* 50 NY2d 113; *Town of E. Hampton v Cuomo,* 179 AD2d 337.) II. The Insurance Department's interpretation is contrary to the very purpose of preexisting condition clauses in group disability income policies. (*Lawrence v Northwestern Natl. Life Ins. Co.,* 716 F Supp 883.) III. If the Court of Appeals adopts plaintiff's interpretation of Insurance Law § 3234 (a) (2), group disability insurance will become more expensive and less available to the public. IV. The analogy between Insurance Law § 3234 (a) (2), pertaining to group disability insurance, and the provisions of Insurance Law § 3232 (b), pertaining to health insurance, implicates widely different policy considerations and does not require the same result.

### OPINION OF THE COURT

GRAFFEO, J.

The United States Court of Appeals for the Second Circuit has asked us to decide how Insurance Law § 3234 (a) (2) affects an employee's eligibility to receive benefits under the employer's group disability plan when the disability is caused by a preexisting medical condition. We conclude that the statute allows insurers to toll benefits during the first 12 months of coverage, but does not permit them to impose an absolute bar to coverage for disabilities stemming from preexisting conditions and arising during that 12-month period.

Plaintiff Mitchell Benesowitz began a new job with Honeywell International, Inc. on April 1, 2002. He was immediately covered under Honeywell's short- and long-term group disability insurance plans, now administered by defendant Metropolitan Life Insurance Company (MetLife). In the three months preceding his Honeywell employment, plaintiff had been treated for kidney disease. By October 2002, plaintiff could no longer work because of his illness and he applied for short-term disability benefits, which MetLife paid. Plaintiff later sought long-term disability benefits. MetLife denied the application based on the following exclusion in the plan:

> "Benefits will not be paid for any period of Disability caused or contributed to by, or resulting from, a Pre-[E]xisting Condition. A 'Pre-Existing Condition' means any Injury or Sickness for which you incurred expenses, received medical treatment, care or services including diagnostic measures, took prescribed drugs or medicines, or for which a reasonable person would have consulted a Physician within three months before the most recent effective date of your coverage.

> "The Pre-Existing Condition limitation will apply to any added benefits or increases in benefits. This limitation will not apply to a period of Disability that begins after you are covered for at least 12 months after the most recent effective date of your coverage, or the effective date of any added or increased benefits."

In July 2003, plaintiff filed an administrative appeal with MetLife, claiming that the plan's preexisting condition exclusion conflicted with Insurance Law § 3234 (a) (2), which provides that "[n]o pre-existing condition provision shall exclude coverage for a period in excess of twelve months following the effective date of coverage for the covered person."[1] MetLife denied the appeal. Plaintiff then commenced this action in federal court to contest MetLife's denial of long-term disability benefits. Both parties moved for summary judgment.

The United States District Court for the Eastern District of New York granted MetLife summary judgment and dismissed

---

1. The Insurance Law contains three distinct statutes denominated as section 3234. The provision at issue here was enacted by chapter 650 of the Laws of 1993.

the complaint. Relying on *Pulvers v First UNUM Life Ins. Co.* (210 F3d 89 [2d Cir 2000]), the court rejected plaintiff's contention that the plan's preexisting condition exclusion violated Insurance Law § 3234 (a) (2).

On appeal, the Second Circuit clarified that *Pulvers* did not resolve the statutory interpretation question and therefore certified the following question to this Court:

> "Whether New York Insurance Law § 3234 (a) (2) means that (1) a policy may impose a twelve-month waiting period during which no benefits will be paid for disability stemming from a pre-existing condition and arising in the first twelve months of coverage or (2) a policy may lawfully include a permanent absolute bar to coverage of disabilities resulting from pre-existing conditions that trigger disability within the first twelve months of the employee's coverage" (471 F3d 348, 353 [2006]).

Plaintiff argues that section 3234 (a) (2) is a tolling provision that permits insurers only to delay the payment of benefits for disabilities arising from preexisting conditions during the first 12 months of coverage. In plaintiff's view, insurers must provide plan benefits if the disability continues beyond the 12-month period. In accordance with this interpretation, plaintiff contends that MetLife was obligated to pay him long-term disability benefits beginning in April 2003—12 months after his coverage began. The Superintendent of Insurance of the State of New York, appearing as amicus curiae, endorses plaintiff's construction of the statute. MetLife counters that section 3234 (a) (2) was intended to allow insurers to exclude coverage permanently for any disability resulting from a preexisting condition that arises within the first 12 months of coverage. Under this analysis, only disabilities commencing after the 12-month window are covered by the plan. MetLife's position is supported by amici curiae Life Insurance Council of New York, Inc. and other national insurance organizations.

Although the statute is not a model of clarity, we are persuaded that plaintiff's construction is the correct one. Enacted in 1993, Insurance Law § 3234 provides:

> "(a) Every group or blanket policy issued or issued for delivery in this state which provides benefits by reason of the disability of the insured and which includes a pre-existing condition provision shall

contain in substance the following provision or provisions which in the opinion of the superintendent are more favorable to the members of the group:

"(1) In determining whether a pre-existing condition provision applies to an eligible person, the group or blanket disability policy shall credit the time the person was previously covered under a previous group or blanket disability insurance plan or policy or employer-provided disability benefit arrangement, if the previous coverage was continuous to a date not more than sixty days prior to the effective date of the new coverage. The credit shall apply to the extent that the previous coverage or level of benefits was substantially similar to the new coverage or level of benefits; and

"(2) No pre-existing condition provision shall exclude coverage for a period in excess of twelve months following the effective date of coverage for the covered person.

"(b) Nothing herein shall be construed to prohibit or restrict an insurer from utilizing other forms of underwriting for the members of the group in lieu of, or in addition to, the pre-existing condition provision described in subsection (a) of this section."

In matters of statutory interpretation, "our primary consideration is to ascertain and give effect to the intention of the Legislature" (*Matter of DaimlerChrysler Corp. v Spitzer*, 7 NY3d 653, 660 [2006] [internal quotation marks and citation omitted]). In discerning the legislative intent underlying section 3234 (a) (2), it is instructive to examine Insurance Law § 3232, a health insurance statute. Indeed, section 3234 tracks the language of section 3232, which was added a year earlier and places similar limitations on preexisting condition provisions in health insurance policies. Both statutes contain a portability provision requiring insurers to credit the time a person previously was covered under a comparable plan for purposes of determining the applicability of a preexisting condition provision (*see* Insurance Law § 3232 [a]; § 3234 [a] [1]). This portability feature was designed to enable individuals to change jobs or insurance plans without fear of having to wait for coverage to take effect. Most relevant to the issue here, both statutes also prescribe a 12-month maximum time frame for preexisting

condition provisions (*see* Insurance Law § 3232 [b]; § 3234 [a] [2]).

Section 3232 (b), the health insurance provision, employs language nearly identical to section 3234 (a) (2).[2] The parties agree that under section 3232 (b), although insurers may limit or preclude coverage for medical claims stemming from preexisting conditions during the first 12 months (assuming there is no portability of coverage), the insurers must cover such claims thereafter. Section 3232 (b) therefore functions as a tolling or waiting period because it mandates full health coverage—even for preexisting medical conditions—once the 12-month period expires. Insurers are not permitted to bar health coverage completely under section 3232 (b).

In choosing to use the same "for a period in excess of twelve months" language in section 3234 (a) (2) to define the time frame, the Legislature sought to create a similar tolling provision for preexisting conditions in group disability policies. We have observed in this regard that "whenever a word is used in a statute in one sense and with one meaning, and subsequently the same word is used in a statute on the same subject matter, it is understood as having been used in the same sense" (*Riley v County of Broome*, 95 NY2d 455, 466 [2000] [internal quotation marks and citation omitted]). If insurers may exclude health coverage for up to 12 months under section 3232 but must pay benefits for medical claims related to preexisting conditions after that time period, the statute should operate the same way for group disability plans under section 3234 (a) (2).

The legislative history buttresses our conclusion that section 3234 should be interpreted in a manner consistent with section 3232 (*see id.* at 463 [noting that "the legislative history of an enactment may also be relevant and is not to be ignored, even if words be clear" (internal quotation marks and citation omitted)]). The Senate memorandum in support of the bill explains that it "adds a new section 3234 to the Insurance Law to establish similar standards for pre-existing conditions for disability insurance policies" (Senate Introducer Mem in Support, Bill Jacket, L 1993, ch 650). Similarly, the Assembly sponsor described the bill as extending the standards applicable to preexisting conditions in health insurance policies to group dis-

---

**2.** Insurance Law § 3232 (b) provides, in relevant part: "No pre-existing condition provision shall exclude coverage for a period in excess of twelve months following the enrollment date of coverage for the covered person."

ability insurance policies (*see* Assembly Mem in Support, Bill Jacket, L 1993, ch 650).

In contrast, when the Legislature intended to allow insurance policies to include a permanent bar to coverage for disabilities arising from a preexisting condition during a prescribed time period, it used different language to accomplish this result. Insurance Law § 3216 (d) (1) (B) (ii), applicable to individual disability policies, states:

> "No claim for loss incurred or disability (as defined in the policy) *commencing after* two years from the date of issue of this policy shall be reduced or denied on the ground that a disease or physical condition not excluded from coverage by name or specific description effective on the date of loss had existed prior to the effective date of coverage of this policy" (emphasis added).

By using the phrase "commencing after," the Legislature made clear that section 3216 (d) (1) (B) (ii) authorizes insurers to bar benefit coverage completely for claims arising during the first two years of coverage. And statutes in other states that permit insurers to preclude coverage totally for certain disability claims use analogous language (*see e.g.* Colo Rev Stat Ann § 10-16-214 [3] [a] [V] [C] ["In no event shall a group disability income insurance policy deny, exclude, or limit benefits for a covered individual because of a preexisting condition for a disability *commencing more than twelve months following* the effective date of such individual's coverage" (emphasis added)]; Ga Code Ann § 33-24-26.1 [c] ["No policy or certificate of group disability income insurance shall be issued or delivered in this state which limits or excludes payment of benefits for a disability resulting from a preexisting condition if that disability *occurs more than 24 months following* the effective date of an insured's coverage under such policy" (emphasis added)]). No comparable language appears in Insurance Law § 3234 (a) (2).

Finally, interpreting section 3234 (a) (2) as allowing insurers to impose a tolling period rather than an absolute bar to benefits does not prevent insurers from excluding or limiting disability coverage based on an individual's prior medical history. Section 3234 (b) recognizes that insurance companies may use individual underwriting procedures in determining a person's eligibility for coverage under a group disability policy. The Superintendent indicates in his brief that such individual underwriting practices for group disability policies may involve the review of

an applicant's medical history or the results of a medical examination. After assessing the individual's risk, the insurer may charge the applicant a higher premium, exclude coverage for a specified condition or decline to provide coverage.

Accordingly, the certified question should be answered as follows: New York Insurance Law § 3234 (a) (2) means that a policy may impose a 12-month waiting period during which no benefits will be paid for a disability stemming from a preexisting condition and arising in the first 12 months of coverage.

Chief Judge Kaye and Judges Ciparick, Read, Smith, Pigott and Jones concur.

Following certification of a question by the United States Court of Appeals for the Second Circuit and acceptance of the question by this Court pursuant to section 500.27 of the Rules of the Court of Appeals (22 NYCRR 500.27), and after hearing argument by counsel for the parties and consideration of the briefs and the record submitted, certified question answered as follows: New York Insurance Law § 3234 (a) (2) means that a policy may impose a 12-month waiting period during which no benefits will be paid for disability stemming from a preexisting condition and arising in the first 12 months of coverage.