05-6382-cv
Benesowitz v. Met. Life Ins. Co.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

—————————

August Term, 2006

(Argued: August 28, 2006                                Decided: December 28, 2007)

Docket No. 05-6382-cv

—————————

MITCHELL BENESOWITZ,

Plaintiff-Appellant,

-v-

METROPOLITAN LIFE INSURANCE COMPANY, Plan Administrator of Honeywell Long Term Disability Income Plan, and HONEYWELL LONG TERM DISABILITY INCOME PLAN,

Defendants-Appellees.

—————————

Before:  WINTER, CABRANES, and POOLER, Circuit Judges.

—————————

In a previous opinion, we certified to the New York Court of Appeals the dispositive question of "[w]hether New York Insurance Law § 3234(a)(2) means that (1) a policy may impose a twelve-month waiting period during which no benefits will be paid for disability stemming from a pre-existing condition and arising in the first twelve months of coverage or (2)

a policy may lawfully include a permanent absolute bar to coverage of disabilities resulting from pre-existing conditions that trigger disability within the first twelve months of the employee's coverage."  Benesowitz v. Metro. Life Ins. Co., 471 F.3d 348, 353 (2d Cir. 2006).   Because the New York Court of Appeals "conclude[d] that the statute allows insurers to toll benefits during the first [twelve] months of coverage, but does not permit them to impose an absolute bar to coverage for disabilities stemming from preexisting conditions and arising during that [twelve]-month period," we vacate the district court judgment.  Benesowitz v. Metro. Life Ins. Co., 839 N.Y.S.2d 706, 707-08 (N.Y. 2007).

————————

EVE-LYNN GISONNI, Gisonni & Harms, LLP (Richard Harms on the brief), Woodbury, NY, for Plaintiff-Appellant.

AMY POSNER, Metropolitan Life Insurance Company, Long Island City, NY (Allen M. Marcus, Lester Schwab Katz & Dwyer LLP, New York, NY, on the brief) for Defendants-Appellees.

ROBERT H. EASTON, Deputy Solicitor General (Eliot Spitzer, Attorney General of the State of New York,[*] Caitlin J. Halligan, Solicitor General, Benjamin N. Gutman, Assistant Solicitor General, on the brief), New York, NY, for Amicus Curiae State of New York in Support of Appellant.

Richard H. Streeter, Carolyn Doppelt Gray, Theresa L. Jakubowski, Barnes & Thornburg, LLP, Washington, DC; Lisa Tate, American Council of Life Insurers, Washington, DC, for Amicus Curiae American Council of Life Insurers in Support of Appellees.

————————

PER CURIAM:

    Plaintiff Mitchell Benesowitz appeals a judgment of the United States District Court for

———————————

    [*] Eliot Spitzer is now the governor of New York, and Andrew M. Cuomo is the attorney general.  The solicitor general is now Barbara Underwood.

the Eastern District of New York (Thomas C. Platt, Judge) dismissing his claim for long-term disability ("LTD") benefits. We assume familiarity with the underlying facts and procedural history, which are provided at Benesowitz v. Metropolitan Life Insurance Company, 471 F.3d 348, 350-51 (2d Cir. 2006) ("Benesowitz I"), certified question answered by Benesowitz v. Metropolitan Life Insurance Company, 839 N.Y.S.2d 706 (N.Y. 2007) ("Benesowitz II). In Benesowitz I, we certified the following question to the New York Court of Appeals: "Whether New York Insurance Law § 3234(a)(2) means that (1) a policy may impose a twelve-month waiting period during which no benefits will be paid for disability stemming from a pre-existing condition and arising in the first twelve months of coverage or (2) a policy may lawfully include a permanent absolute bar to coverage of disabilities resulting from pre-existing conditions that trigger disability within the first twelve months of the employee's coverage." Benesowitz I, 471 F.3d at 353. The New York Court of Appeals held that the statute was properly interpreted to allow "insurers to toll benefits during the first [twelve] months of coverage, but does not permit them to impose an absolute bar to coverage for disabilities stemming from preexisting conditions and arising during that [twelve]-month period." Benesowitz II, 839 N.Y.S.2d at 707-08.

The New York Court of Appeals' decision requires us to vacate the district court's judgment, which was premised on the district court's conclusion that a permanent bar could be imposed. See Benesowitz v. Metro. Life Ins. Co., 386 F. Supp. 2d 132, 136-37 (E.D.N.Y. 2005). Benesowitz also asks that we award him attorney's fees and pre-judgment interest. The Employee Retirement Income Security Act of 1974 ("ERISA") authorizes "the court in its discretion [to] allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Pre-judgment interest is also available in the court's discretion. See Jones v. Unum

3

Life Ins. Co. of Am., 223 F.3d 130, 139 (2d Cir. 2000). Because the district court determined that Benesowitz should not prevail, it had no occasion to consider his entitlement to attorney's fees or pre-judgment interest. We therefore remand in order that the district court may make these determinations in the first instance. See Connors v. Conn. Gen. Life Ins. Co., 272 F.3d 127, 137 (2d Cir. 2001) (declining to address attorney's fees or prejudgment interest where the district court had not done so).

## CONCLUSION

Based on the New York Court of Appeals' answer to our certified question, we vacate the judgment of the district court and remand for further proceedings consistent with this opinion.