Brian WOLOSHIN, on behalf of himself and others similarly situated, Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY, Defendant.

No. 07 CIV 6664–WGY.

United States District Court, S.D. New York.

Feb. 22, 2010.

Michael Adam Schwartz, Paul Oliva Paradis, Gina M. Tufaro, Horwitz, Horwitz & Paradis, Attorneys at Law, New York, NY, for Plaintiff.

James H. Rotondo, Andrea Elizabeth Keen Thomas, James T. Rotondo, Day Pitney, L.L.P. Hartford, CT, Rosemary Quinn Barry, Day Pitney, L.L.P., Stamford, CT, for Defendant.

## Memorandum

WILLIAM G. YOUNG, United States District Judge.[1]

## I. INTRODUCTION

The Plaintiff, Brian Woloshin ("Woloshin"), brings the instant action against the Defendant, Aetna Insurance Company ("Aetna"), for disability benefits to which he claims he is entitled pursuant to a group insurance contract entered into by his employer Memec LLC ("Memec") and Aetna. Woloshin claims that the relationship between these parties is controlled by the summary of the plan and not the master policy, and that this case is governed by New York law.

### A. Procedural Posture

On November 15, 2007, Woloshin filed his Second Amended Complaint ("2nd Am. Compl.") [Doc. No. 20]. On February 5, 2009, Aetna moved for summary judgment [Doc. No. 50] and submitted a Memorandum of Law in Support thereof ("Def.'s Mem.") [Doc. No.]. On February 6, 2009, Woloshin filed a Memorandum of Law in Opposition ("Pl.'s Opp.") [Doc. No. 56]. Aetna filed a Reply Memorandum of Law ("Def.'s Reply") [Doc. No. 52] on February 5, 2009.

### B. Undisputed Facts

In 2004, Memec, a Delaware company with its principal place of business in California, employed almost 800 people in 33 states. Def.'s Mem. at 3. About half of them were located in California, 23 in Florida, and 17, including Woloshin, in New York. Id.

During negotiations between Memec and Aetna, a long-term disability policy was drafted under California law. Pl.'s Opp. at 2. Memec requested an additional contractual provision that would allow its employees to convert their coverage under the group insurance plan to an individual plan upon termination of employment, but Aetna could not provide such a conversion-of-benefits feature in California, because Aetna was not approved by the California Department of Insurance to offer such a plan. Id. at 2–3. Thus, Aetna suggested issuing the policy under Florida law because, although Aetna was not then approved to offer such a plan there either,

1. Of the District of Massachusetts, sitting by designation.

Aetna hoped it soon would be.[2] *Id.* The records do not show that once California was ruled out as a situs, other states beside Florida were taken into consideration.

Aetna issued a group long-term disability policy (the "Plan") with an effective date of July 1, 2004, to Memec as an employer for the benefit of its employees. Defendant's Local Rule 56.1(b) Statement ("Def.'s LR 56.1(b)") ¶ 1 [Doc. No. 54]. The parties agree that the Plan consisted of: the Group Accident and Health Insurance Policy (the "Policy Document") Def.'s Ex. [Doc. No. 51] D.1, as well as the Booklet Certificate (the "Booklet") issued with the Summary of Coverage (the "Summary"), (collectively the "Summary Plan Description" or "SPD") Def.'s Exs. D.2, D.3. Def.'s LR 56.1(b) ¶ 2. The Policy Document states that the Plan will be construed pursuant to law of the state of delivery of the Plan and that Florida is the state of delivery. Def.'s Ex. D.1. at face page; Def.'s LR 56.1(b) ¶ 3. The Summary Plan Description mentions neither the state of delivery provision nor the choice of law provision. *See* Def.'s Exs. D.2, D.3. The Summary Plan Description explains the insured's coverage and rights under the Plan. The Booklet specifically provides for exclusion of coverage arising from preexisting conditions.[3] Def.'s Exs. D.2 at 9.

Woloshin began his employment with Memec in New York on March 15, 2004. Pl.'s Ex. 20 ("Woloshin Aff.") ¶ 3. Thereafter, he enrolled for long-term disability benefits under the Plan. *Id.* ¶ 4. Woloshin paid part of the premium for this coverage, and Memec paid the balance. *Id.*

For the purpose of this motion for summary judgment, the Court accepts Woloshin's claims that the Policy Document was never provided to him, Woloshin Deposition, Pl.'s Ex. 15 [Doc. No. 56] at 82, and that only after he enrolled in the Plan did he see a "summary of coverage."[4] Woloshin Aff. ¶ 6.

In 2005, based on the progression of his health condition, Woloshin made a claim for long-term disability benefits under the Plan. Pl.'s Opp. at 5. Aetna denied his claim based on its determination that his disability arose from a pre-existing condition. *Id.*

## C. Federal Jurisdiction

This is an action arising under the federal Employee Retirement Income Security

---

**2.** It seems that suggesting Florida as a situs violated Aetna's internal guidelines designed to prevent forum shopping by Aetna's customers. The guidelines require that if the state other than where the customer's headquarters are located is to be chosen as the contract situs, (1) a substantial number of employees must be located in the state; (2) there must be a customer office located in the state through which the plan will be administered; and (3) an employee authorized by the customer to sign the Master Application must be located in the state. Pl.'s Ex. 10. Those conditions were not satisfied here.

**3.** The Booklet stated:

No benefit is payable for any disability that is caused by or contributed by a "pre-existing condition" and starts before the end of the first 12 months following your effective date of coverage.

A disease or injury is a pre-existing condition if, during the 3 months before your effective date of coverage:

— it was diagnosed or treated; or
— services were received for the diagnosis or treatment of the disease or injury; or
— you took drugs or medicines prescribed or recommended by a physician for that condition.

Def.'s Ex. D.2 at 9.

**4.** While it is not clear whether Woloshin received the Booklet and Summary of Coverage, he does not argue that he was unaware of the pre-existing conditions provision contained in the Booklet.

Act ("ERISA") 29 U.S.C. § 1001, et seq., and this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## II.  ANALYSIS

### A.  Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment can be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  A fact is material, if it "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  An issue is genuine "if ... a reasonable jury could return a verdict for the nonmoving party."  *Id.* at 258, 106 S.Ct. 2505.  The burden of proof to show that there is no issue requiring a trial is on the moving party.  *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir.2002) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)).  In determining whether a triable issue exists, the court must construe the evidence in the light most favorable to the non-moving party, and draw all reasonable inferences in its favor.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).  The court should not "weigh the evidence and determine the truth of the matter but [should] determine whether there is a genuine issue for trial."  *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505.

5.  As Aetna points out, Woloshin does not question Aetna's determination that its denial of benefits was the result of his pre-existing medical condition.

### B.  Woloshin's Claim

Woloshin claims that although his disability arose out of a pre-existing condition,[5] he ought nevertheless receive disability benefits.  He claims that (1) there is a conflict between the Summary Plan Description and the Policy Document, which must be resolved in favor of the Summary Plan Description such that New York and not Florida law governs the parties' relationship, and (2) since New York law is applicable, he ought receive disability benefits because New York Insurance Law section 3234 [6] does not permit insurance companies to impose an absolute bar to coverage for disabilities stemming from pre-existing conditions.  *See Benesowitz v. Metropolitan Life Ins. Co.*, 514 F.3d 174, 175–76 (2d Cir.2007).

#### 1.  Conflict between the Summary Plan Description and the Policy Document

■  As a general matter, in cases of conflict between the Summary Plan Description and the Policy Document, the terms of the Summary Plan Description prevail.  *Burke v. Kodak Ret. Income Plan*, 336 F.3d 103, 110 (2d Cir.2003); *James v. New York City Dis. Council of Carpenters' Benefits*, 947 F.Supp. 622, 628 (E.D.N.Y.1996).  The Summary Plan Description, however, is intended to be a summary of the terms of the Plan, so it does not need to spell out every detail of the Plan.  *Tocker v. Philip Morris Co.*, 470 F.3d 481, 488 (2d Cir.2006).

■  Logically, silence does not necessarily constitute conflict in every instance.  Where the Summary Plan Description omits a term included in the plan, courts

6.  Section 3234(a)(2) states that "[n]o pre-existing condition provision shall exclude coverage for a period in excess of twelve months following the effective date of coverage for the covered person."  N.Y. Ins. Law §§ 3234(a)(2).

use a two-step analysis. *Tocker* 470 F.3d at 488. First, the court determines whether the "statutory language of ERISA and its implementing regulations require [ ] the term to be stated in the SPD" and second, the court inquires whether "the plaintiff was likely prejudiced by the SPD's silence on the term or information at issue." *Id.* (citing *Wilkins v. Mason Tenders Dist. Council Pension Fund,* 445 F.3d 572, 584–85 (2d Cir.2006)).

Here, unlike the Policy Document, the Summary Plan Description did not set out the Plan's choice of law provision in favor of Florida. In order to probe whether this omission constitutes a conflict, this Court follows *Tocker* test.

ERISA requires that the Summary Plan Description be "sufficiently accurate and comprehensive to reasonably apprise [ ] participants ... of their rights and obligations under the plan." 29 U.S.C. § 1022(a). Section 1022(b) enumerates information that must be contained in the Summary Plan Description, which includes: information regarding the administrator, the agent for the service of legal process, and administration of the plan; the financing of the plan; the date of the end of the plan year; the procedures for filing claims for benefits; and the remedies for denied claims. It also calls for including "circumstances which may result in disqualification, ineligibility, or denial or loss of benefits." 29 U.S.C. § 1022(b).

█ Here, the choice of law provision is neither explicitly required by ERISA nor is it, standing alone, a "circumstance which may result in disqualification, ineligibility, or denial or loss of benefits." Woloshin's benefits were denied because of a preexisting condition that was appropriately spelled out in the Summary Plan Description, and not because of the Policy's choice of Florida law. The choice of law provision need not have been included in the Summary Plan Description. Therefore, no conflict existed between Summary Plan Description and the Policy Document, and thus Woloshin fails to satisfy first prong of the *Tocker* test.

█ Nor can Woloshin show that he was likely prejudiced. He claims that had he known that law other than New York law was designated to govern the Plan, he would have discussed with Memec's human resources department other insurance options. Pl.'s Opp. at 12. Woloshin Aff. ¶ 9.

In *Exarhakis v. Visiting Nurse Serv. of New York* (E.D.N.Y., 2006), the court stated:

> The emphasis on the word "likely" indicates the heightened showing required ... [for] a deficient—SPD claim; rather than simply identifying a factual dispute that possibly prejudiced plaintiff, e.g., that plaintiff might have filed for and received benefits had the SPD not been deficient, plaintiff must provide sufficient evidence on which an inference could be based that she would have filed for the benefits but for the deficiency in the SPD.

*Exarhakis,* No. 02–5562, 2006 WL 335420, at \*12; *see also First Unum Life Inc. Co. v. Wulah,* No. 06–1749, 2007 WL 3342470, at \*5 (S.D.N.Y.,2007) *rev'd on other grounds,* 2010 WL 347880 (2d Cir.2010).

Here, although Woloshin might possibly have arranged other disability insurance governed by New York law, California law, or the law of some other state, nothing indicates that he would have done so. All he asserts is that he would have gone to human resources to talk about some other options. This is simply not enough to show likely prejudice.[7]

Because the choice of law provision need not be inserted in the Summary Plan Description, and Woloshin was not likely prejudiced by that omission, the Plan's choice of Florida law must be honored.

### 2. New York law

■ Alternatively, even if New York law had governed the relationship between these parties, Woloshin still could not be granted benefits. Section 3234 of the New York Insurance Law, on which Woloshin bases his claim, states that with regard to a group disability policy "issued or issued for delivery" in New York, "[n]o pre-existing condition provision shall exclude coverage for a period in excess of twelve months following the effective date of coverage for the covered person." N.Y. Ins. Law §§ 3234(a), 3234(b).

Woloshin bases his argument on *Benesowitz v. Metropolitan Life Ins. Co.*, No. 04–805, 2009 WL 2196785 (E.D.N.Y.2009) ("*Benesowitz II*"), where the court held N.Y. Ins. Law § 3234 applicable to the group insurance policy at issue there. In that case, the court ruled that the policy was "deemed to have been delivered" in New York pursuant to N.Y. Ins. Law § 3201(b)(1). *Benesowitz II*, 2009 WL 2196785, at *7–8. Section 3201(b)(1) states:

> A group life, group accident, group health, group accident and health or blanket accident and health insurance certificate evidencing insurance coverage on a resident of this state shall be deemed to have been delivered in this state, regardless of the place of actual delivery, **unless the insured group is of the type described in ...** [section 4235(c)(1) except subparagraph (D), (K), (L) and (M)].

N.Y. Ins. Law § 3201(b)(1) (emphasis added). Section 4235(c)(1)(A) describes a policy issued to an employer. The Plan summarized in the Summary Plan Description received by Woloshin was issued to Memec, Woloshin's employer, and Woloshin so admits. *See* 2nd Am. Compl. ¶ 8. Therefore, the Plan here falls within the exception to the beneficent fiction created by section 3201(b)(1), and is not deemed to have been delivered in New York.

Thus even if, as Woloshin argues, New York law governed the relationship between Woloshin and Aetna, he cannot show that the Plan here was in fact delivered or was deemed to have been delivered in New York. Therefore, section 3234(a)(2) does not apply, and the Plan may deny coverage for Woloshin's pre-existing conditions.

### III. CONCLUSION

This is a harsh result as, upon this record, Woloshin appears to be totally and permanently disabled, while Aetna has adopted a choice of law provision placing this Policy under Florida law, which allows a pre-existing condition to be an absolute bar, thus Aetna is able to freeze Woloshin out of the beneficent New York law which simply delays coverage for pre-existing conditions. Moreover, Aetna appears intentionally to have omitted the choice of law provision from its Summary Plan Description, well knowing the average employee like Woloshin has no knowledge of contractual choice of law provisions. The only thing that saves Aetna here is the undisputed fact that the Summary Plan Description unequivocally states that Aetna will not pay for pre-existing conditions. The reasonable insured would thus under-

---

7. Woloshin also admits that in 2004 he was not aware of New York Insurance Law section 3234. Woloshin Deposition, Pl.'s Ex. 15 at 83.

stand the necessity for arranging (and paying for) other insurance.

For the reasons stated above, Aetna's motion for summary judgment [Doc. No. 50] must be, and hereby is, GRANTED. Since no class has here ever been certified, this judgment has no bearing on the rights of any putative class members and the Court expresses no opinion thereon. Judgment shall enter for the Defendant Aetna.