1781 Riverside LLC v Shuler (2024 NY Slip Op 50106(U))

[*1]

1781 Riverside LLC v Shuler

2024 NY Slip Op 50106(U)

Decided on February 2, 2024

Civil Court Of The City Of New York, New York County

Stoller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 2, 2024
Civil Court of the City of New York, New York County

1781 Riverside LLC, Petitioner,

against
Tre Alexander Shuler and Deyzhane Shadey Hill, Respondents.

Index No. 307370/2023

For Petitioner: Christopher Duval
For Respondent: Tre Alexander Shuler, pro se

Jack Stoller, J.

1781 Riverside LLC, the petitioner in this proceeding ("Petitioner") commenced this holdover proceeding against Tre Alexander Shuler ("Respondent"), a respondent in this proceeding, and Deyzhane Shadey Hill ("Co-Respondent"), another respondent in this proceeding (collectively, "Respondents"), seeking possession of 1781 Riverside Drive, Apt. A, New York, New York ("the subject premises") on the allegation that Respondents are licensees of Darres C. Quiles, the prior rent-stabilized tenant of the subject premises ("the Prior Tenant"), whose license expired on the vacatur of the Prior Tenant. Respondents interposed an answer. After a conference with the parties, the parties and the Court agreed that there was a lack of pertinent fact disputes such that this matter is ripe for summary disposition as contemplated by CPLR §409(b).
To be specific, the Court entered into an order dated December 12, 2023 [FN1]
that memorialized that the parties did not dispute that Petitioner is the owner of the building in which the subject premises is located; that the Prior Tenant had been the rent-stabilized tenant of the subject premises; that the Prior Tenant moved out in May of 2020, leaving Respondents in possession of the subject premises; that Petitioner caused a predicate notice to be served upon Respondents; that Respondent was accepted for benefits pursuant to the Emergency Rent Assistance Program ("ERAP") in Respondent's name; that Petitioner accepted the ERAP benefits on December 1, 2021; and that Petitioner's counsel sent a letter to Respondent stating that Petitioner would accept ERAP funds without prejudice and without making Respondent a tenant.
Acceptance of payment for rental arrears through ERAP "shall constitute [an] agreement [*2]by [a] landlord", inter alia, not to evict for reason of expired lease or holdover tenancy for twelve months after the landlord receives the first assistance payment. L. 2021, c. 56, Part BB, Subpart A, §9(2)(d)(iv), as amended by L. 2021, c. 417, Part A, §5. Acceptance of payment for rent arrears through shall further "constitute [an] agreement by [a] landlord" to refrain from increasing the rent greater than the amount due at the time of the application in the year following the first acceptance of an assistance payment. L. 2021, c. 56, Part BB, Subpart A, §9(2)(d)(iii), as amended by L. 2021, c. 417, Part A, §5.
The drafters of the ERAP statute used the word "agreement" in the statute. The Legislature could have simply stated that a landlord's acceptance of ERAP benefits would stay a landlord from evicting an ERAP applicant for one year without using the word "agreement." The Legislature did not do so. Rather, the Legislature stated that a landlord's acceptance of ERAP "shall constitute [an] agreement" not to evict a beneficiary without cause for twelve months nor to increase the beneficiary's rent for twelve months.
The Court must presume that each word used in a statute expresses a distinct and different idea, Tonis v. Bd. of Regents, 295 NY 286, 293 (1946), and thus construe a statute so as to give effect to every word therein to the extent possible. Matter of Mestecky v. City of NY, 30 NY3d 239, 243 (2017). Conversely, the Court cannot conclude that the Legislature deliberately placed a phrase in the statute which was intended to serve no purpose. Rodriguez v. Perales, 86 NY2d 361, 366 (1995), Matter of NY Cty. Lawyers' Ass'n v. Bloomberg, 95 AD3d 92, 101 (1st Dept. 2012). Accordingly, the Court must give effect to the Legislature's choice to provide that a landlord's acceptance of an ERAP benefit constitutes an "agreement" not to evict a beneficiary or increase a beneficiary's rent.
Statutes which relate to the same subject matter must be construed together unless a contrary legislative intent is expressed. Dutchess Cnty. Dep't of Soc. Servs. ex rel. Day v. Day, 96 NY2d 149, 153 (2001), Matter of Khan v. Annucci, 186 AD3d 1370, 1372 (2nd Dept. 2020). Accordingly, whenever a word is used in a statute in one sense and with one meaning, and subsequently the same word is used in a statute on the same subject matter, it is understood as having been used in the same sense. Benesowitz v. Metro. Life Ins. Co., 8 NY3d 661, 668 (2007). Statutes that use the word "agreement" in landlord/tenant matters use it to mean the kind of binding lease that gives rise to a landlord's cause of action against a tenant for nonpayment of rent, RPAPL §711(2), or a tenancy for a term longer than month to month. RPL §232-c.
Moreover, the "agreement" that the ERAP statute deems landlords and tenants to enter into with one another specifies the amount of rent and definite terms by which the agreement begins and ends, terms that are crucial toward rendering an agreement to be a valid lease. Coinmach Corp. v. Harton Assocs., 304 AD2d 705, 706 (2nd Dept. 2003), Harlen Hous. Assoc., LP v. Metered Appliances, Inc., 19 Misc 3d 1101(A)(Civ. Ct. NY Co. 2008). Accordingly, a landlord's acceptance of an ERAP benefit creates the kind of an agreement that is essentially a lease, whether for the purposes of giving rise to liability for nonpayment of rent, J.S.B. Props. LLC v. Yershov, 77 Misc 3d 235, 242 (Civ. Ct. NY Co. 2022), or to negate the proposition that a tenant is really just a holdover. Liadi v. Kaba, 78 Misc 3d 1209(A)(Civ. Ct. Queens Co. 2023).
In contrast with a lessee, a licensee is one who enters upon or occupies lands by permission, express or implied, of the owner, or under a personal, revocable, nonassignable privilege from the owner, without possessing any interest in the property, and who becomes a trespasser thereon upon revocation of the permission or privilege. Williams v. Williams, 13 Misc 3d 395, 397 (Civ. Ct. NY Co. 2006), citing Rosenstiel v. Rosenstiel, 20 AD2d 71, 76 (1st [*3]Dept. 1963), City Enters., Ltd. v. Posemsky, 184 Misc 2d 287, 288 (App. Term 2nd Dept. 2000), 100 W. 72nd St. Assoc. v. Murphy, 144 Misc 2d 1036, 1038 (Civ. Ct. NY Co. 1989)(Tom, J.). The obligations that attach to a landlord's acceptance of ERAP funds put the ERAP beneficiary in a different position than an occupant subject to a "personal revocable privilege" who possesses no interest in the property.
Petitioner argues that twelve months passed after its acceptance of the ERAP benefits and therefore any tenancy Respondent may have had has elapsed. However, a tenant who remains in possession after the expiration of an agreement does not change into a licensee. When a tenant remains in possession after the expiration of a lease, common law implies a continuance of the tenancy on the same terms and subject to the same covenants as those contained in the original instrument. City of New York v. Pennsylvania R. Co., 37 NY2d 298, 300 (1975), Miske v Selvaggi, 175 AD3d 1526, 1527 (2nd Dept. 2019), Yu Yan Zheng v. Fu Jian Hong Guan Am. Unity Assn., Inc., 168 AD3d 511, 514 (1st Dept. 2019). The record therefore demonstrates that Respondent is not a licensee and this petition is subject to dismissal.
Petitioner argues that the qualifications it placed on its acceptance of the ERAP payment nullified the consequences thereto. However, the statutory scheme does not appear to comport with the extraordinary proposition that a private party can unilaterally opt out of the obligations attaching to the acceptance of a government benefit. The statute does allow for a landlord's rejection of ERAP benefits, although the landlord would then waive a claim for the rent it declined. L. 2021, c. 56, Part BB, Subpart A, §9(2)(c). The statute thus presents a landlord with a strategic choice, See, e.g., Rincher v. Mignott, 80 Misc 3d 514 (Civ. Ct. Queens Co. 2023), evincing an intention to incentivize landlords to accept funds that would prevent evictions. See 321 Bay Ridge Co. Inc. v. Cordova, 2023 N.Y.L.J. LEXIS 3244, *2-3 (Civ. Ct. Kings Co.). Petitioner seeks to sidestep this choice and accept the financial benefits of ERAP while treating Respondent as a licensee twelve months afterward, which would undermine this incentive. However, a landlord cannot unilaterally waive any protections or benefits that a tenant may receive upon an ERAP approval, Felitia 436 Convent Ltd. v. Simmers, 78 Misc 3d 754, 759 (Civ. Ct. New York Co. 2023), rights and protections significant enough to warrant a vacatur of a stipulation signed by a pro se tenant waiving such rights. Rizq Props. v. Brooks, 2023 N.Y.L.J. LEXIS 2734, *5-6 (Civ. Ct. Bronx Co.).
Accordingly, the pleadings and undisputed facts as presented to the Court show that Petitioner has not proven that Respondent is a licensee. To the extent that Co-Respondent's occupancy is derivative of Respondent's occupancy, Petitioner cannot obtain possession against her either. The Court reaches no other issue at this time. It is ordered that the Court dismisses this proceeding, without prejudice to other causes of action and defenses any party has against one another concerning possession of the subject premises aside from the issue determined here.
This constitutes the decision and order of the Court.
Dated: February 2, 2024
New York, New York
HON. JACK STOLLER
J.H.C.

Footnotes

Footnote 1:See NYSCEF # 11.