DiSalvo v Wayland-Cohocton Cent. Sch. Dist. (2023 NY Slip Op 03995)

DiSalvo v Wayland-Cohocton Cent. Sch. Dist.

2023 NY Slip Op 03995

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, OGDEN, AND GREENWOOD, JJ.

275 CA 22-00608

[*1]LORRAINE DISALVO AND SANDY WEIAND BOOTH, PLAINTIFFS-RESPONDENTS,
v
WAYLAND-COHOCTON CENTRAL SCHOOL DISTRICT, BOARD OF EDUCATION OF WAYLAND-COHOCTON CENTRAL SCHOOL, WAYLAND-COHOCTON CENTRAL SCHOOL, DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 

BOND, SCHOENECK & KING, PLLC, ROCHESTER (CLAIRE G. BOPP OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
BETTI & ASSOCIATES, NEW YORK CITY (MICHELE M. BETTI OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Steuben County (Patrick F. McAllister, A.J.), entered March 7, 2022. The order, insofar as appealed from, denied in part the motion of defendants-appellants to dismiss the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action pursuant to the Child Victims Act (CVA) (see CPLR 214-g) alleging that they were sexually abused over a period of several years in the mid-1970s while attending school at defendant Wayland-Cohocton Central School (School) in defendant Wayland-Cohocton Central School District (District). In particular, they alleged that the School, the District, and defendant Board of Education of Wayland-Cohocton Central School (collectively, defendants) knew or should have known about the sexual abuse, which was allegedly committed by plaintiffs' band teacher, a former employee of defendants, and that defendants were negligent by, inter alia, failing to warn or protect plaintiffs from the alleged sexual abuse. Defendants moved, inter alia, to dismiss the complaint against them in its entirety as time-barred on the ground that CPLR 208 (b) extended the statute of limitations only until age 55 and plaintiffs were both over that age when they commenced this action. Defendants argued that the "revival" period codified by CPLR 214-g—which, for a limited time, permitted individuals to bring otherwise time-barred civil actions based on allegations of child sexual abuse—was restricted by the age limit contained in CPLR 208 (b). As relevant here, Supreme Court denied the motion insofar as it sought to dismiss the complaint against defendants in its entirety as time-barred under CPLR 208 (b), and defendants appeal. We affirm.
Defendants contend that, when the two provisions are properly read in conjunction, the age limitation of CPLR 208 (b) applies to all claims brought under CPLR 214-g. We reject that contention. "It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the [l]egislature" (Patrolmen's Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208 [1976]; see Samiento v World Yacht Inc., 10 NY3d 70, 77-78 [2008]). To do so, we generally "look first to the statutory text, which is the clearest indicator of legislative intent" (Matter of New York County Lawyers' Assn. v Bloomberg, 19 NY3d 712, 721 [2012] [internal quotation marks omitted]; see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]). "[W]here the language of a statute is clear and unambiguous, courts must give effect to its plain meaning" (State of New York v Patricia II., 6 NY3d 160, 162 [2006] [*2][internal quotation marks omitted]; see Matter of Anonymous v Molik, 32 NY3d 30, 37 [2018]).
Here, it is undisputed that plaintiffs' claims of sexual abuse in the 1970s were time-barred at the time of the CVA's enactment, and that they commenced this action during the CPLR 214-g revival period (see L 2020, ch 130) when they were both 62 years old. Thus, the only question is whether the limitations period contained in CPLR 208 (b) applies to actions commenced during the CPLR 214-g revival period. We conclude that it does not. CPLR 208 (b) provides, as relevant here, that, "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary . . . with respect to all civil claims or causes of action brought by any person for [child sexual abuse], such action may be commenced, against any party whose intentional or negligent acts or omissions are alleged to have resulted in the commission of [child sexual abuse], on or before the plaintiff or infant plaintiff reaches the age of [55] years." CPLR 214-g provides, as relevant here, that, during a specified time period, and "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary . . . , every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute [child sexual abuse], which is barred as of the effective date of this section because the applicable period of limitations has expired, . . . is hereby revived."
We conclude that the plain language of both provisions does not support defendants' position that the limitations period specified in CPLR 208 (b) precludes plaintiffs' claims under CPLR 214-g. No language in either provision indicates that CPLR 208 (b) restricts claims brought under CPLR 214-g. Instead, those provisions established two separate avenues of relief for victims of child sexual abuse. Importantly, neither provision directly references or incorporates parts of the other, suggesting that the legislature did not intend for one provision to control the other. Indeed, to the contrary, CPLR 214-g provides that "every civil claim or cause of action brought against any party alleging" negligence stemming from instances of child sexual abuse that was "barred as of the effective date of [the CVA] because the applicable period of limitation has expired . . . is hereby revived," so long as the claim or cause of action is brought during the revival period (emphasis added). Moreover, provided that a CVA action was commenced during the revival period, CPLR 214-g applies "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary" (emphasis added), including the age limit contained in CPLR 208 (b). Consequently, we conclude that the limitations period of CPLR 208 (b) is irrelevant to whether an action commenced pursuant to CPLR 214-g is timely. So long as the action was commenced during the revival period—as is the case here—the action is timely under CPLR 214-g regardless of the plaintiff's age.
In reaching that conclusion, we note that the structure of the CVA suggests that the two provisions at issue here were intended to solve two different problems and were not intended to overlap with one another (see generally Town of Aurora v Village of E. Aurora, 32 NY3d 366, 372 [2018]). The CVA "was intended primarily to revive civil claims by persons subjected to [child] sexual abuse . . . but whose claims have become time-barred, and also to provide a more generous toll for such claims in the future. The first of these goals was achieved by CPLR 214-g, and the second by amendments to CPLR 208" (Vincent C. Alexander, Prac Commentaries, McKinney's Cons Laws of NY, CPLR 214-g [emphasis added]). In other words, the CVA amended CPLR 208 (b) to prospectively and permanently allow all victims of child sexual abuse to pursue those claims until age 55, whereas CPLR 214-g was enacted to provide temporary retrospective relief for all claims—regardless of age—for a limited and discrete period of time.
Consequently, we conclude that the court did not err in denying defendants' motion insofar as it sought dismissal of the complaint against them in its entirety on the ground that it was time-barred by CPLR 208 (b).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court