Marino v Weiler (2023 NY Slip Op 05070)

Marino v Weiler

2023 NY Slip Op 05070

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, OGDEN, GREENWOOD, AND NOWAK, JJ.

653 CA 22-01455

[*1]ALEYSHA MARINO, PLAINTIFF-APPELLANT,
v
RITA WEILER, DEFENDANT, AND NORTHWEST BANK, FORMERLY KNOWN AS NORTHWEST SAVINGS BANK, FORMERLY KNOWN AS JAMESTOWN SAVINGS BANK, DEFENDANT-RESPONDENT. 

STEINER & BLOTNIK, BUFFALO (RICHARD J. STEINER OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
HARTER SECREST & EMERY LLP, BUFFALO (CHLOE J. MACDONALD OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Dennis E. Ward, J.), entered August 22, 2022. The order granted the motion of defendant Northwest Bank, formerly known as Northwest Savings Bank, formerly known as Jamestown Savings Bank to dismiss and dismissed plaintiff's amended complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff appeals from an order that granted defendant-respondent's motion to dismiss the amended complaint against it pursuant to CPLR 3211 (a) and 3016 (b). We affirm.
At the outset, we note that plaintiff did not oppose those parts of defendant-respondent's motion seeking to dismiss her causes of action for aiding and abetting conversion, civil conspiracy, and an accounting, as well as her request for punitive damages, and plaintiff has thus abandoned those causes of action and that request for relief (see Allington v Templeton Found., 167 AD3d 1437, 1439 [4th Dept 2018]; Donna Prince L. v Waters, 48 AD3d 1137, 1138 [4th Dept 2008]).
Contrary to plaintiff's contention, her remaining causes of action against defendant-respondent are time-barred. On a motion to dismiss pursuant to CPLR 3211 (a) (5) on statute of limitations grounds, the defendant has the initial burden of establishing that the limitations period has expired (see Rider v Rainbow Mobile Home Park, LLP, 192 AD3d 1561, 1561-1562 [4th Dept 2021]). Defendant-respondent met its burden. Plaintiff does not dispute that her causes of action accrued at the latest in 2009, and she commenced this action on December 1, 2021. The burden then shifted to plaintiff to "aver evidentiary facts . . . establishing that the statute of limitations has not expired, that it is tolled, or that an exception to the statute of limitations applies" (id. at 1562 [internal quotation marks omitted]). Plaintiff failed to sustain her burden.
Here, plaintiff was an infant at the time that her causes of action accrued, and she relies on the infancy toll of CPLR 208. However, we note that the plain language of that statute extends the time to commence an action to no more than "three years after the disability ceases," where, as here, the statute of limitations is "three years or more" (CPLR 208 [a]; see MP v Davidsohn, 169 AD3d 788, 790 [2d Dept 2019]). Thus, each of plaintiff's remaining causes of action expired on April 23, 2018, three years after she turned 18 and her infancy ceased (see CPLR 105 [j]; 208 [a]).
Plaintiff further contends that her causes of action for aiding and abetting fraud and aiding and abetting a breach of fiduciary duty perpetuated through fraud are timely pursuant to the discovery rule for actions based on fraud (see CPLR 213 [8]; Kaufman v Cohen, 307 AD2d 113, 122-123 [2d Dept 2003]), because she first learned of the alleged fraud in March 2021. We reject that contention. Plaintiff does not allege that any fraudulent statement was made by a representative of defendant-respondent directly to plaintiff or that defendant-respondent itself owed a fiduciary duty to plaintiff. As a result, plaintiff's fraud-based causes of action against defendant-respondent sound in constructive fraud, not actual fraud, and thus the discovery rule is not applicable to them because it "does not apply in cases alleging constructive fraud" (Kaufman, 307 AD2d at 126). In light of our determination, plaintiff's remaining contentions are academic.
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court