*Jones v. Cattaraugus-Little Valley Cent. Sch. Dist.*

# United States Court of Appeals
# for the Second Circuit

_____

August Term 2023

Argued:  November 9, 2023
Decided:  March 20, 2024

No. 22-1442

_____

BRITTANY N. JONES, a.k.a. BRITTANY N. FINCH,

*Plaintiff-Appellant,*

*v.*

CATTARAUGUS-LITTLE VALLEY CENTRAL
SCHOOL DISTRICT,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Western District of New York
No. 19-cv-707, William M. Skretny, *Judge.*

_____

Before:  RAGGI, SULLIVAN and LEE, *Circuit Judge*s.

Brittany Jones appeals from a judgment of the United States District Court for the Western District of New York (Skretny, *J.*) granting summary judgment to Cattaraugus-Little Valley Central School District on Jones's civil claims alleging that she was sexually abused by a teacher when she was a high school student between 2009 and 2011.  Jones brought her otherwise time-barred claims pursuant

to the claim-revival provision of New York's Child Victims Act (the "CVA"), N.Y. C.P.L.R. § 214-g, which permitted plaintiffs to assert claims arising from their sexual abuse as minors during a two-year filing window from August 14, 2019 to August 14, 2021. The district court granted summary judgment in favor of the school district on the ground that Jones's suit was filed four months before the start of the two-year window. Because the two-year window had already closed by the time of the district court's judgment, Jones was unable to refile her dismissed claims. Central to the district court's decision was its assumption that Jones's premature filing created a valid statute-of-limitations defense for the school district. But the district court did not explain this assumption, and no New York court has interpreted section 214-g's waiting period as a statute of limitations. Given the lack of state court decisions to guide us and the significant state policy interests implicated by the CVA, we reserve decision on this appeal in order to CERTIFY the following question to the New York Court of Appeals: whether the six-month waiting period for claims filed pursuant to the claim-revival provision of New York's Child Victims Act, N.Y. C.P.L.R. § 214-g, establishes a statute of limitations, a condition precedent to bringing suit, or some other affirmative defense.

QUESTION CERTIFIED.

> VIRGINIA H. MCMICHAEL, Appellate Law Group LLC, Radnor, PA, *for Plaintiff-Appellant*.
>
> PATRICK J. HINES (Alexandria N. Rowen, *on the brief*), Hodgson Russ LLP, Buffalo, NY, *for Defendant-Appellee*.

PER CURIAM:

Brittany Jones appeals from a June 14, 2022 judgment of the United States District Court for the Western District of New York (William M. Skretny, *J.*) granting summary judgment to Cattaraugus-Little Valley Central School District

2

on Jones's civil claims alleging that she was sexually abused by a teacher when she was a high school student between 2009 and 2011. Jones brought her otherwise time-barred claims pursuant to the claim-revival provision of New York's Child Victims Act (the "CVA"), N.Y. C.P.L.R. § 214-g, which permitted plaintiffs to assert claims arising from their sexual abuse as minors during a two-year filing window from August 14, 2019 to August 14, 2021. The district court granted summary judgment in favor of the school district on the ground that Jones's suit was filed four months before the start of the two-year window. Because the two-year window had already closed by the time of the district court's judgment, Jones was unable to refile her dismissed claims. Central to the district court's decision was its assumption that Jones's premature filing created a valid statute-of-limitations defense for the school district. But the district court did not explain this assumption, and no New York court has interpreted section 214-g's waiting period as a statute of limitations. Given the lack of state court decisions to guide us and the significant state policy interests implicated by the CVA, we reserve decision on this appeal in order to CERTIFY the following question to the New York Court of Appeals: whether the six-month waiting period for claims filed pursuant to the claim-revival provision of New York's Child Victims Act, N.Y. C.P.L.R. § 214-g,

3

establishes a statute of limitations, a condition precedent to bringing suit, or some other affirmative defense.

## I. BACKGROUND

On February 14, 2019, New York enacted the CVA, which revived otherwise time-barred claims of plaintiffs who were sexually abused as minors and created a two-year filing window – beginning August 14, 2019 – for plaintiffs to bring claims for harms resulting from that abuse.[1]  On April 9, 2019, Jones sued her former school district for harms she suffered after a teacher sexually abused her when she was fifteen and sixteen years old.  On May 31, 2019, the school district removed the case to federal court pursuant to 28 U.S.C. § 1441 based on the parties' diversity of citizenship; that same day, the school district filed an answer asserting eighteen defenses, including a general defense that "Plaintiff's complaint is barred by the applicable statute of limitations."  Jones App'x at 36.  Notwithstanding Jones's premature filing, the school district did not file a motion to dismiss the suit pursuant to Federal Rules of Civil Procedure 12(c) and 12(h)(2)(B).  Instead, the parties proceeded with discovery, which continued for more than two years, during which time the school district made several motions to extend discovery

---

[1] The CVA originally created a one-year revival window, but New York subsequently extended the window by another year.  *See* 2020 N.Y. Laws ch. 130.

4

deadlines. It was not until September 3, 2021 – three weeks after the two-year window for filing claims revived by the CVA had closed – that the school district moved for summary judgment on its statute-of-limitations defense, arguing that Jones's suit was untimely since it was filed nearly four months before the CVA filing window opened. The district court agreed, granting summary judgment and rejecting Jones's arguments that equity and the interests of justice should prevent the school district from strategically litigating its statute-of-limitations defense only after the CVA filing window had closed. This appeal followed.

## II. DISCUSSION

We review a grant of summary judgment *de novo*. *See Garcia v. Hartford Police Dept.*, 706 F.3d 120, 126 (2d Cir. 2013). "Summary judgment is required if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Covington Specialty Ins. Co. v. Indian Lookout Country Club, Inc.*, 62 F.4th 748, 752 (2d Cir. 2023) (internal quotation marks omitted).

The question on appeal is whether section 214-g's six-month waiting period requires a plaintiff's prematurely filed claim to be dismissed upon a defendant's motion made after the two-year filing window has closed. The answer to that question turns on whether section 214-g's waiting period is a statute of limitations,

5

since we have held that a defendant may litigate a statute-of-limitations defense even as late as trial so long as the defense was timely asserted under Federal Rule of Civil Procedure 8(c).  *See Kulzer v. Pittsburgh-Corning Corp.*, 942 F.2d 122, 125 (2d Cir. 1991) (holding that state-law statute-of-limitations defense may be litigated for first time in motion for directed verdict because defense was preserved under Rule 8(c) by its "*bare assertion*" in defendant's answer).   For the reasons set forth below, we conclude that neither the text of section 214-g nor New York court precedents indicate whether the waiting period is a statute of limitations, so we certify the question to the New York Court of Appeals.

### A.  The text of section 214-g does not indicate whether the six-month waiting period is a statute of limitations.

"We begin with the statutory text, which is the clearest indicator of legislative purpose."[2]  *In re M.B.*, 6 N.Y.3d 437, 447 (2006); *see Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 83 (2017) ("[W]e begin, as we must, with a careful

---

[2] We have not addressed whether a federal court interpreting a state statute "should be guided primarily by federal or state interpretive principles."  *1256 Hertel Ave. Assocs., LLC v. Calloway*, 761 F.3d 252, 260 n.5 (2d Cir. 2014) (citing Abbe R. Gluck, *Intersystemic Statutory Interpretation: Methodology as "Law" and the* Erie *Doctrine*, 120 Yale L.J. 1898 (2011)).  We have no occasion to do so today since, as in *1256 Hertel Ave.*, both New York and federal caselaw direct us to similar interpretive principles that do not produce different results in this case.

examination of the statutory text."). Section 214-g, which is located within N.Y.

C.P.L.R. Article 2 - Limitations of Time, provides in relevant part:

> Notwithstanding any provision of law which imposes a period of limitation to the contrary . . . , every civil claim or cause of action [meeting certain requirements] . . . is hereby revived, and action thereon may be commenced not earlier than six months after, and not later than two years and six months after the effective date of this section.

As written, the relevant portion of section 214-g contains two independent clauses. The first – the revival clause – provides that, "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary," certain claims based on child sexual abuse are "hereby revived." N.Y. C.P.L.R. § 214-g. The plain meaning of those words indicates that such revival occurred immediately, and without qualification, upon the enactment of the CVA on February 14, 2019. *See* Hereby, Black's Law Dictionary 872 (11th ed. 2019) ("[b]y this document"); *see also* Child Victims Act, 2019 N.Y. Laws ch. 11 § 12 ("This act shall take effect immediately.").[3]

The second clause – which defines the time period in which such revived claims may be brought – provides that "action [on the revived claims] may be

---

[3] The school district argues – as it did in its motion for summary judgment – that the CVA did not revive claims until the start of the filing window and that therefore the originally applicable statute of limitations remained in effect during the waiting period. That argument is plainly contradicted by the text of section 214-g.

7

commenced not earlier than six months after, and not later than two years and six months after [February 14, 2019]." N.Y. C.P.L.R. § 214-g. Thus, having revived otherwise time-barred claims, the CVA imposed both a start date and an end date for commencing actions thereon, resulting in a two-year filing window.

New York courts have held that the end of the two-year filing window is a statute of limitations. *See A.S. v. Erie County*, 196 N.Y.S.3d 825, 827 (4th Dep't 2023) (describing the end date of the section 214-g filing window as a "statute of limitations" "expir[ing] . . . on August 14, 2021"); *Shapiro v. Syracuse Univ*, 173 N.Y.S.3d 769, 773 (4th Dep't 2022) (describing section 214-g as statute of limitations without specifically considering waiting period); *M.C. v. State*, 163 N.Y.S.3d 741, 756 (Ct. Cl. 2022) (same). Less clear, and central to this appeal, is whether the filing window *start* date – which created a six-month waiting period from the effective date of the act – is also a statute of limitations.

As the district court acknowledged, waiting periods and statutes of limitations have distinct purposes. "Statutes of limitations require plaintiffs to pursue diligent prosecution of known claims" and prevent claims from being "allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *CTS Corp. v. Waldburger*, 573 U.S. 1, 8 (2014)

(internal quotation marks omitted). Waiting periods, by contrast, do just the opposite. They direct plaintiffs to *delay* for a period before bringing claims that they otherwise might have brought earlier. Furthermore, "[s]tatutes of limitations embody a policy of repose, designed to protect defendants." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 14 (2014) (internal quotation marks omitted). But a waiting period provides no such repose. Unlike an end date, a start date permanently bars no claims, since a prematurely filed claim can, in the ordinary course, simply be re-filed once the waiting period ends. *See* Vincent C. Alexander, Supplementary Practice Commentaries, McKinney's Cons. Laws of N.Y., C.P.L.R. 214-g, 2019 (explaining purposes of waiting period: "to give victims and their attorneys an opportunity to begin preparing their cases before the clock started ticking on the . . . revival period, and . . . to enable the court system to meet the special issues that the ensuing litigation was likely to generate").

Two courts to have considered claims filed prematurely under section 214-g have permitted such claims to be refiled. In *Geiss v. Weinstein Co. Holdings LLC*, a federal court dismissed without prejudice a plaintiff's claims brought prematurely under section 214-g with the expectation that the claims would be refiled after the waiting period expired. *See* 383 F. Supp. 3d 156, 176 (S.D.N.Y. 2019) (dismissing

9

plaintiff's claims because plaintiff had not shown compliance with the "filing requirements" of section 214-g but doing so without prejudice to asserting those claims "when they become timely under section 214-g").  Similarly, in *Carlino v. Roman Catholic Diocese of Brooklyn*, a New York court dismissed a complaint filed during section 214-g's six-month waiting period while recognizing that the "plaintiff [wa]s free to avail himself of the [CVA] and [section] 214-g as of August 14, 2019."  No. 703825/2019, 2019 N.Y. Misc. LEXIS 10039, at *3 (Sup. Ct. Aug. 15, 2019).

But in both *Geiss* and *Carlino*, the defendants expressly raised their premature-filing argument in a pre-answer motion to dismiss filed while the waiting period was still in effect.  Neither case addressed the question of whether the filing-window start date is itself a statute of limitations that may be preserved as a defense through the defendant's "*bare assertion*" of a statute-of-limitations defense in its answer.  Nor has any other New York court (that we are aware of) shed light on this question.  We must therefore "either predict how the New York Court of Appeals would resolve the question[] or certify the statutory interpretation question to the New York Court of Appeals for a definitive resolution."  *Benesowitz v. Metro. Life Ins. Co.*, 471 F.3d 348, 351 (2d Cir. 2006)

10

(alterations and internal quotation marks omitted), *certified question answered*, 8 N.Y.3d 661 (2007).

### B. Certification to the New York Court of Appeals is appropriate to determine whether section 214-g's waiting period is a statute of limitations.

In deciding whether to certify a question to the New York Court of Appeals, "we consider three questions: (1) whether there are authoritative state court interpretations of the statutory language; (2) whether the issue is important to a state policy; and (3) whether certification can resolve the appeal." *Nitkewicz v. Lincoln Life & Ann. Co. of N.Y.*, 49 F.4th 721, 729 (2d Cir. 2022) (internal quotation marks omitted), *certified question answered*, 40 N.Y.3d 349 (2023). Here, all three factors weigh in favor of certification.

*First*, neither the New York Court of Appeals nor any New York court has confronted the question of whether section 214-g's waiting period is a statute of limitations. This factor therefore counsels in favor of certification, lest "the only precedent on point be that of the federal court, which may be mistaken." *Carney v. Philippone*, 332 F.3d 163, 172 (2d Cir. 2003) (internal quotation marks omitted).

*Second*, the issue of whether section 214-g's waiting period is a statute of limitations is important to New York's policy of providing remedies to victims of childhood sexual abuse, a policy interest that was significant enough to warrant

the "extreme exercise of legislative power" that is a claim-revival statute. *Matter of Regina Metro. Co., LLC v. N.Y. State Div. of Hous. & Cmty. Renewal*, 35 N.Y.3d 332, 371 (2020) (internal quotation marks omitted). And while it is difficult to know how many existing cases – in federal and state court – may involve this precise issue of prematurely-filed claims under the CVA, it bears noting that New York has replicated the language of section 214-g's waiting period in other revival statutes that, to our knowledge, have not yet been interpreted. *See* N.Y. C.P.L.R. § 214-j.

*Third*, certification of this issue to the New York Court of Appeals will resolve this appeal. If section 214-g's waiting period is deemed to be a statute of limitations, there can be no doubt that the district court's judgment must be affirmed. While Jones argues that the school district should be equitably estopped from asserting a statute-of-limitations defense based on her failure to comply with the waiting period, New York law makes clear that "[e]quitable estoppel is appropriate [only] where the plaintiff is prevented from filing an action within the applicable statute of limitations due to his or her reasonable reliance on deception, fraud[,] or misrepresentations by the defendant." *Putter v. N. Shore Univ. Hosp.*, 7 N.Y.3d 548, 552–53 (2006). Here, Jones failed to comply with section 214-g's

12

waiting period because her attorney misread the statute. *See* Jones App'x at 103. There is no indication that any action by the school district kept Jones from discovering and correcting her mistake.[4]

Similarly, if the New York Court of Appeals were to determine that the waiting period establishes a "condition precedent to bringing a suit" – the functional equivalent of making the waiting period a "substantive element of the cause of action" – we would affirm the district court's judgment on the grounds that Jones did not meet that condition and therefore failed to state a claim upon which relief could be granted. *Singer v. Eli Lilly & Co.*, 549 N.Y.S.2d 654, 655–56 (1st Dep't 1990) (holding that compliance with filing end date set by New York Toxic Tort Revival Statute, which did not create a waiting period, was "substantive element of the cause of action"); *but cf. Clark v. Abbott Laboratories*, 553 N.Y.S.2d 929, 933–34 (4th Dep't 1990) (rejecting First Department's approach in *Singer* and concluding that filing end date set by Toxic Tort Revival Statute was new statute of limitations, not condition precedent to filing suit, since revival statute did not

---

[4] Jones's unsupported assertion that the school district told her lawyer that it did not plan to file a motion for summary judgment – even if we assume its truth – does not alter this conclusion, since the school district would have been free to assert its statute-of-limitations defense at trial regardless of whether it filed a summary judgment motion. The school district's alleged statement therefore could not have "kept [Jones] from timely bringing suit." *Putter*, 7 N.Y.3d at 552.

13

create the underlying cause of action); *Anderson v. Eli Lilly & Co.*, 79 N.Y.2d 797, 799 (1991) (arguably endorsing 4th Dep't approach by holding that Toxic Tort Revival Statute "merely temporarily revived certain previously time-barred claims – it did not act to create any new causes of action"). Although the district court here did not treat the waiting period as a condition precedent, such a ruling by the New York Court of Appeals would compel an affirmance, since "[i]t is well settled that we may affirm on any grounds for which there is a record sufficient to permit conclusions of law, including grounds not relied upon by the district court." *Olsen v. Pratt & Whitney Aircraft, Div. of United Techs. Corp.*, 136 F.3d 273, 275 (2d Cir. 1998) (internal quotation marks omitted); *see also Patel v. Contemp. Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) ("[T]he defense of failure to state a claim is not waivable.").

On the other hand, if the New York Court of Appeals were to conclude that the waiting period does not create a statute of limitations or condition precedent, but rather establishes some other affirmative defense,[5] we would be compelled to

---

[5] If the waiting period did not create a condition precedent to bringing suit, then, to the extent it created a defense at all, the defense must be, for purposes of the Federal Rules of Civil Procedure, an affirmative defense. *See Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003) (defining affirmative defense as "defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true" (internal quotation marks omitted)); Charles Alan Wright & Arthur R. Miller, 5 Fed. Prac. & Proc.

reverse the district court's judgment because the defense was forfeited. Rule 8(c) requires affirmative defenses to be stated in a defendant's responsive pleading. *See* Fed. R. Civ. P. 8(c)(1); *Travellers Int'l, A.g. v. Trans World Airlines, Inc.*, 41 F.3d 1570, 1580 (2d Cir. 1994) ("The general rule in federal courts is that a failure to plead an affirmative defense results in a waiver."). Here, the school district did not raise its waiting-period defense – other than through the bare assertion of a statute of limitations defense in its answer – until summary judgment. And while a defendant may amend its answer under Rule 15 to add affirmative defenses, such leave "may *only* be given when factors such as undue delay or undue prejudice to the opposing party are absent." *SCS Commc'ns, Inc. v. Herrick Co., Inc.*, 360 F.3d 329, 345 (2d Cir. 2004). Jones would unquestionably suffer undue prejudice if the school district were allowed to add a defense based on section 214-g's waiting period after the two-year filing window has already closed. Accordingly, if the waiting period does not create a statute of limitations or condition precedent, we would reverse the judgment of the district court, deem

---

Civ. § 1271 (4th ed. Apr. 2023 update) (explaining that, even in diversity case, determination of whether a defense not enumerated in Rule 8(c) is "affirmative defense" for purposes of Federal Rules is governed by federal pleading principles).

the affirmative defense to have been forfeited, and remand the case for further proceedings.

### III. CONCLUSION

For the foregoing reasons, we **CERTIFY** the following question to the New York Court of Appeals:

> Whether the six-month waiting period for claims filed pursuant to the claim-revival provision of New York's Child Victims Act, N.Y. C.P.L.R. § 214-g, establishes a statute of limitations, a condition precedent to bringing suit, or some other affirmative defense.

In certifying this question, we understand that the New York Court of Appeals may reformulate or expand the certified question as it deems appropriate.

It is hereby ORDERED that the Clerk of this Court transmit to the Clerk of the New York Court of Appeals a certificate in the form attached, together with a copy of this opinion and a complete set of briefs, appendices, and the record filed by the parties in this Court. This panel will retain jurisdiction to decide the case once we have had the benefit of the views of the New York Court of Appeals or once that court declines to accept certification. Decision is **RESERVED**.

### CERTIFICATE

The foregoing is hereby certified to the Court of Appeals of the State of New York pursuant to Second Circuit Local Rule 27.2 and New York Codes, Rules, and

16

Regulations title 22, § 500.27(a), as ordered by the United States Court of Appeals

for the Second Circuit.