24-756-cv
Friedman v. Bartell

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of June, two thousand twenty-five.

PRESENT:  RAYMOND J. LOHIER, JR.,
                 SUSAN L. CARNEY,
                 MYRNA PÉREZ,
                          *Circuit Judges*.

------------------------------------------------------------------

ROBERT JOSEPH FRIEDMAN,

     *Plaintiff-Appellant*,

   v.                                                        No. 24-756-cv

DR. ABRAHAM BARTELL, UNITED
JEWISH FEDERATION OF NEW
YORK,

     *Defendants-Appellees*,

HARVEY BACHMAN,

     *Defendant*.

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT: ROBERT FRIEDMAN, *pro se*, Columbus, OH

FOR DEFENDANT-APPELLEE DR. ABRAHAM BARTELL: LEWIS A. BARTELL, Law Office of Lewis A. Bartell, Old Westbury, NY

FOR DEFENDANT-APPELLEE UNITED JEWISH FEDERATION OF NEW YORK: LEILA CARDO, Gallo Vitucci Klar LLP, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Philip M. Halpern, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff Robert Friedman, proceeding *pro se*, appeals from a March 12, 2024 judgment of the United States District Court for the Southern District of New York (Halpern, *J.*) dismissing as time barred his claims arising from incidents that allegedly occurred at a summer camp in 1982. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6)." *Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020) (quotation marks omitted). Dismissal on statute-of-limitations grounds is

2

appropriate at the pleading stage "if [the] complaint clearly shows the claim is out of time." *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 319 (2d Cir. 2021) (quotation marks omitted).  Because Friedman proceeds *pro se*, we liberally construe his submissions, interpreting them "to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (quotation marks omitted).

The incidents underlying Friedman's claims took place in New York State in 1982, when Friedman was thirteen years old.  Liberally construed, his complaint asserts claims under New York law for assault, battery, and negligence.  *See Friedman v. Bartell*, 22-CV-7630, 2024 WL 1076736, at *2–3 (S.D.N.Y. Mar. 12, 2024).  Under New York law, the statute of limitations on claims for assault and battery is one year.  N.Y. C.P.L.R. § 215(3); *see Potter v. Zucker Hillside Hosp.*, 110 N.Y.S.3d 142, 144 (2d Dep't 2019).  The statute of limitations on negligence claims is three years.  N.Y. C.P.L.R. § 214(5); *see Cruz v. Guaba*, 210 N.Y.S.3d 425, 426 (2d Dep't 2024).  Both statutes of limitations are tolled until a plaintiff turns eighteen.  N.Y. C.P.L.R. § 208(a); *see Marino v. Weiler*, 197 N.Y.S.3d 648, 649 (4th Dep't 2023).  Friedman turned eighteen in August 1986, but did not file this action until September 6, 2022.  The district court

therefore held — and we agree — that the ordinary one-year limitations period for his intentional tort claims ran in August 1987, and the ordinary three-year limitations period for his negligence claims ran in August 1989.

On appeal, Friedman contends that his claims were not time barred because, he asserts, the New York Child Victims Act (CVA) allowed him to file the claims at any point before he turned fifty-five. Assuming without deciding that his claims fall within the scope of the CVA, we disagree. "In 2019, the New York State legislature enacted the [CVA] to provide a pathway for redress to childhood victims of sexual abuse." *Doe v. Wilhelmina Models, Inc.*, 212 N.Y.S.3d 613, 615 (1st Dep't 2024). Among other things, the CVA "amended the Civil Practice Law and Rules to permit revival of civil claims stemming from the commission of sexual offenses against children." *Id.* at 616; *see* N.Y. C.P.L.R. § 214-g; *Jones v. Cattaraugus-Little Valley Cent. Sch. Dist.*, 96 F.4th 539, 541 (2d Cir. 2024). That revival window, however, closed no later than March 30, 2022, five months before Friedman filed suit. *See Bethea v. Child.'s Vill.*, 206 N.Y.S.3d 182, 183 (2d Dep't 2024) (applying tolling from COVID-19 executive orders to revived claim); *McLaughlin v. Snowlift, Inc.*, 185 N.Y.S.3d 212, 214 (2d Dep't 2023) (same).

4

Friedman relies in the alternative on another section of the CVA that provides that an action based on certain sexual offenses "committed against such person who was less than eighteen years of age" may be commenced "on or before the plaintiff . . . reaches the age of fifty-five years."  N.Y. C.P.L.R. § 208(b). But that provision applies only prospectively, after the enactment of the CVA, and is thus inapplicable to Friedman's claims, which accrued decades before the enactment of the CVA.  *See DiSalvo v. Wayland-Cohocton Cent. Sch. Dist.*, 193 N.Y.S.3d 786, 789 (4th Dep't 2023); *Doe*, 212 N.Y.S.3d at 625; *see also Regina Metro. Co. v. N.Y. State Div. of Hous. & Cmty. Renewal*, 35 N.Y.3d 332, 371 (2020) ("[I]t is a bedrock rule of law that, absent an unambiguous statement of legislative intent, statutes that revive time-barred claims if applied retroactively will not be construed to have that effect.").  Because Friedman did not file this action within the CVA's revival window, the District Court correctly dismissed Friedman's claims as time barred.

We have considered Friedman's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5