BCVAWCA-DOE v Cerone (2025 NY Slip Op 06593)

BCVAWCA-DOE v Cerone

2025 NY Slip Op 06593

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
ELENA GOLDBERG VELAZQUEZ, JJ.

2025-03323
 (Index No. 60612/21)

[*1]BCVAWCA-DOE, respondent, 
v
Philomena M. Cerone, et al., appellants.

Hinkley, Allen & Snyder LLP, Albany, NY (James J. Barriere and Chad J. Caplan of counsel), for appellant Philomena M. Cerone.
Shaw, Perelson, May & Lambert, LLP, Poughkeepsie, NY (Mark C. Rushfield of counsel), for appellants Lakeland Central School District, Lakeland Central School District Board of Education, and Lakeland High School.
Lipsitz Green Scime Cambria LLP, Buffalo, NY (John A. Collins of counsel), for respondent.

DECISION & ORDER
In a consolidated action, inter alia, to recover damages for personal injuries, the defendant Philomena M. Cerone appeals, and the defendants Lakeland Central School District, Lakeland Central School District Board of Education, and Lakeland High School separately appeal, from an order of the Supreme Court, Westchester County (Doris M. Gonzalez, J.), dated January 21, 2025. The order, insofar as appealed from by the defendant Philomena Cerone, denied that branch of her motion which was for summary judgment dismissing the first cause of action insofar as asserted against her. The order, insofar as appealed from by the defendants Lakeland Central School District, Lakeland Central School District Board of Education, and Lakeland High School, denied their motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.
On August 4, 2021, the plaintiff commenced an action, inter alia, pursuant to the Child Victims Act (CVA) (see CPLR 214-g) against the defendant Philomena M. Cerone and a second action, among other things, pursuant to the CVA against the defendants Lakeland Central School District, Lakeland Central School District Board of Education, and Lakeland High School (hereinafter collectively the School District defendants and together with Cerone, the defendants). The actions were consolidated. The plaintiff, who was born in January 1965, alleged that from 1980 to 1982, when he was 15 to 17 years old, he was sexually molested and assaulted by Cerone, a reading teacher at Lakeland High School, where he was a student. Cerone moved for summary judgment dismissing the complaint insofar as asserted against her and the School District defendants separately moved for summary judgment dismissing the complaint insofar as asserted against them, contending, inter alia, that the complaint was time-barred. The defendants contended that the complaint was barred by the statute of limitations set forth in CPLR 208(b), as the plaintiff did not commence this consolidated action until after his 56th birthday. The defendants further contended [*2]that the action was not revived by the "revival window" provided by CPLR 214-g because the plaintiff's claims were not time-barred as of the effective date of that section, February 14, 2019 (L 2019, ch 11, § 12). In an order dated January 21, 2025, the Supreme Court, among other things, denied the motion of the School District defendants and denied that branch of Cerone's motion which was for summary judgment dismissing the first cause of action insofar as asserted against her. Cerone and the School District defendants separately appeal.
"'A defendant who seeks dismissal of a complaint on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to commence an action has expired. The burden then shifts to the plaintiff to present evidence raising a triable issue of fact as to whether the action falls within an exception to the statute of limitations' or whether the statute of limitations has been tolled" (Cammarato v 16 Admiral Perry Plaza, LLC, 216 AD3d 903, 904, quoting Osborn v DeChiara, 165 AD3d 1270, 1271; see Schulman v Schulman Family Enters., 222 AD3d 898, 899).
The CVA, inter alia, changed the statute of limitations in two respects. First, the CVA amended CPLR 208 to add subdivision (b), which provides that civil actions brought for injuries "suffered . . . as a result of conduct which would constitute a sexual offense" that was committed against a person younger than 18 years of age, may be commenced by that person until the plaintiff reaches age 55 (CPLR 208[b]). In addition, the CVA created CPLR 214-g, which provides for a "revival window" whereby claims that had previously been barred by the statute of limitations could be filed.
Here, the defendants failed to establish, prima facie, that the plaintiff's claims were time-barred. Contrary to the defendants' contention, the claims were not time-barred by CPLR 208(b) because the plaintiff commenced the action after his 56th birthday. Rather, the summons and complaint against Cerone and against the School District defendants were properly filed during the revival window created by CPLR 214-g.
There is nothing in the language of either CPLR 208(b) or CPLR 214-g to indicate that the limitations provisions contained in these statutes are mutually exclusive. These two separate amendments to the CPLR created two separate avenues of relief for victims of sexual abuse (see Disalvo v Wayland-Cohocton Cent. Sch. Dist., 218 AD3d 1169, 1171), as confirmed by the plain language of CPLR 214-g.
CPLR 214-g provides, in relevant part, that during the revival window a plaintiff may commence an action "notwithstanding any provision of law which imposes a period of limitation to the contrary." This language "is meant to avoid the statute of limitations that would have ordinarily been applicable to the cause of action at issue" (S.H. v Diocese of Brooklyn, 205 AD3d 180, 195). We therefore conclude that "the limitations period of CPLR 208(b) is irrelevant to whether an action commenced pursuant to CPLR 214-g is timely" (Disalvo v Wayland-Cohocton Cent. Sch. Dist., 218 AD3d at 1171).
Insofar as the School District defendants raise contentions regarding the seventh cause of action, those contentions are improperly before this Court, as they were raised for the first time in their reply papers.
Accordingly, we affirm the order dated January 21, 2025, insofar as appealed from.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court